## Case No. 16,393a.

UNITED STATES v. STEVENS et al.

[N. Y. Times, Aug. 12, 1865.]

District Court, S. D. New York. 1865.

INTERNAL REVENUE LAWS — WHO IS A MANUFACTURER.

[A person, having a contract with the government to furnish a lot of knapsacks, purchased the cloth, and had it cut and sewed together and painted elsewhere, and then delivered the goods to defendants, who put upon them the leather straps, buckles, &c., necessary to complete the knapsacks. The cost of this work was nearly but not quite as much as the cost of what was previously done. *Held*, that the government contractor, and not the defendants, were the manufacturers of the knapsacks, within the meaning of the statute.]

This was an action [against Stevens & Carples] to recover the internal revenue duty on twenty-five thousand knapsacks alleged by the government to have been manufactured by the defendant, amounting to about $12,000. It appeared in evidence that a man named McComb, residing in Delaware, had a contract with the government to furnish so many knapsacks. He accordingly bought the cloth and had it cut, sewed together and painted elsewhere, and then delivered them to the defendants to have them put on the leather straps, buckles, &c., which were necessary to finish them,—the cost of the work which they did being nearly but not quite as much as the cost of what was done before the knapsacks were delivered to them. When they had done their work on them they delivered them to McComb, who delivered them to the government on his contract.

Mr. Smith, U. S. Dist. Atty.
Mr. Fullerton, for defendants.

BY THE COURT (BETTS, District Judge). The evidence being in, the judge directed the jury to find a verdict for the defendant, holding that McComb was the manufacturer, instead of the defendants. But as the point was new, he directed it to be entered subject to the opinion of the court, that it might be brought up for fuller argument if desired.

[The case was afterwards twice argued upon motions for a new trial, and to set aside the verdict, and the conclusion above reached was sustained in both instances. Cases Nos. 16,-393b and 16,393, respectively.]

